IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MICHAEL E. BURKE,

           Plaintiff,

vs.

DEPARTMENT OF JUSTICE,

           Defendant.

8:17CV232

MEMORANDUM
AND ORDER

Plaintiff filed a Complaint on June 29, 2017. (Filing No. 1.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a non-prisoner, wants a public law library in the "Federal Court House in Omaha, Nebraska or the US Attorneys Office in Omaha, Nebraska." (Filing No. 1 at CM/ECF p. 6.) He claims that the "8th Circuit" is violating his constitutional right to represent himself because there is no public access to a law library in the "8th Circuit." (*Id.*) Plaintiff claims he has no access to the forms or case law "used in the Federal Court System . . .," and that he "needs a public law library to effectively argue and file [a] case in Federal Court in order to represent himself." (*Id.* at CM/ECF pp. 4, 7.)

## II. DISCUSSION

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court

liberally construes Plaintiff's allegations as an access to courts claim.[1] To prove a violation of the right of meaningful access to the courts, Plaintiff must establish that the "8th Circuit" or the "Department of Justice," as named in the case caption, did not provide him with an opportunity to litigate a claim "in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (citations omitted).

Here, Plaintiff has not alleged any facts to demonstrate that the "8th Circuit" or the "Department of Justice" frustrated or impeded his ability to bring a nonfrivolous and arguably meritorious underlying legal claim. Regardless, Plaintiff is not entitled to a public law library in the location of his preference. *Cf. Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007) (concluding that providing a law library to inmates is merely one way to comply with right of meaningful access to the courts); *Bear v. Kautzky*, 305 F.3d 802, 806 (8th Cir. 2002) (citing U.S. Supreme Court authority for the proposition that "there is no one prescribed method of ensuring inmates access to the courts"); *see also*, *Williams v. Curtis*, No. 3:16-CV-151-D-BH, 2017 WL 979053, at *6 (N.D. Tex. Jan. 18, 2017) (citing cases where courts have "held there is no denial of access to courts if alternative means of assuring access to courts were available"), *report and recommendation adopted*, No. 3:16-CV-0151-D, 2017 WL 976948 (N.D. Tex. Mar. 13, 2017).

Plaintiff fails to state a claim upon which relief may be granted. Plaintiff may use a computer or travel to the clerk's office of this court to access any relevant forms, and he may use a computer or travel to an existent local, public law library to access the relevant case law. The court observes that Plaintiff gained access to a civil complaint form and a motion to proceed in forma pauperis form, as he filed each in this case. The court will not give Plaintiff an opportunity to

---

[1] Plaintiff states that he has a "constitutional right" to represent himself. He does not. *See U.S. v. Turner,* 644 F.3d 713, 720 (8th Cir. 2011) ("The Sixth Amendment guarantees a *criminal defendant* the right to self-representation along with the right to the assistance of counsel." (emphasis added)).

amend his Complaint in this matter because it is obvious that amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This case is dismissed with prejudice.

2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Filing No. 2) is denied as moot.

3. The court will enter judgment in a separate document.

Dated this 17th day of July, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge